Michael P Bertholf, OSB #044642
Law Offices of Michael P Bertholf, LLC
108 Mistletoe Street
Medford, Oregon 97501
Phone: (541) 245-9167
Fax: (541) 608-6888
Email: michaelbertholaw@gmail.com
Attorney for Defendant Samuel Amador Ortega

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,            No. 1:25-mj-00371-CL

                    Plaintiff,        **REQUEST FOR PRETRIAL DISCOVERY,
                                       RULE 12(b)(4) NOTICE, AND SUMMARY
          v.                           OF EXPERT TESTIMONY**

SAMUEL AMADOR ORTEGA ,

                    Defendant.


**TO:    Assistant United States Attorney** Judith Harper

         Defendant Samuel Amador Ortega , by and through attorney Michael P Bertholf,

respectfully requests that the government disclose, produce, and make available for examination

and copying by defense counsel or his agents the following items, whether currently in the

possession, custody, control or knowledge of the United States Attorney, the agents or

representatives of the United States Attorney, and/or any law enforcement agent, or which by the

exercise of due diligence may become known to the attorneys for the government.

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF
EXPERT TESTIMONY – Page 1

1. Provide notice of the government's intention to use any physical evidence or statements that Mr. Ortega  is entitled to discover, so as to provide Mr. Ortega  an opportunity to suppress such evidence. Fed. R. Crim. P. 12(b)(4) and 41(h).

2. Provide Mr. Ortega with access to, and/or copies of, any written, recorded, or unwritten or unrecorded statements made by Mr. Ortega . This request includes statements made to witnesses other than law enforcement officers at any time, and also includes any tape recorded conversations, whether in person or telephonic, as well as any transcripts or enhanced audio tapes of such conversations. Fed. R. Crim. P. 16(a)(1)(A) and (B).

3. Identify and disclose any document and/or item of property obtained from Mr. Ortega (or which the prosecution contends belongs to Mr. Ortega ) that is currently in the possession of the government, or any law enforcement agency, or was previously in the possession of any such entity. Fed. R. Crim. P. 16(a)(1)(E)(iii).

4. Disclose and provide copies of all state or federal reports relating the circumstances of any search involving Mr. Ortega , his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This information is necessary to enable to Mr. Ortega  to prepare motions to suppress evidence. Fed. R. Crim. P. 12(b)(3), 12(b)(4), 16(a)(1)(E), and 41(h).

5. Disclose and provide copies of all written or recorded statements of Mr. Ortega, including but not limited to grand jury testimony, telephone calls and depositions. Fed. R. Crim. P. 16(a)(1)(B); *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982); *United States v. Lanoue*, 71 F.3d 966 (1st Cir. 1995), *abrogated on different grounds by United States v. Watts*, 519 U.S. 148 (1998).

6. Disclose whether any eavesdropping, wiretapping, electronic recording, electronic or

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 2

other audio enhancement devices were used in any fashion in this case. If any such devices were used, disclose the date, time, and place when such instruments were used and provide copies of any authorizing warrants, minimization logs, and/or applications for extension of authority to intercept. Produce and/or copy all tapes and tape transcripts generated by such electronic surveillance.

7. Disclose whether any informants were used at any stage of the investigation of this case. As to each such informant, provide counsel with the name and address of said informant(s) and any documents or other writing that describe or reveal the role that said informants played in the police investigation.

8. Provide copies of all records, reports, or memoranda of federal investigative agencies or state and local law enforcement agencies, which describe, refer to or otherwise comment upon any informant involved in this case. This request includes, but is not limited to, records, reports, or memoranda which relate statements made by the informant to other persons, including law enforcement agents, as well as motives and reasons for the informant's cooperation with the government, *i.e.* whether the informant was paid for their services, whether promises were made to the informant in exchange for their services, or whether any action was taken by the government beneficial to the informant in exchange for their services. This request contemplates production of any records, reports, or memoranda presently within the possession, custody, or control of the government, the existence of which is known, or the exercise of due diligence may become known, to the attorney for the government. *Roviaro v. United States*, 353 U.S. 53 (1957), U.S. Const. Amend. VI.

9. Disclose and provide copies of all results or reports of physical or mental examinations

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 3

and scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Fed. R. Crim. P. 16(a)(1)(F).

10. Disclose and provide copies of the conclusions and findings of any expert witness the government intends to call whether or not the expert has prepared a written report. In responding to this request, Mr. Ortega specifically requests that the government provide a written summary of any expert testimony it intends to use and/or introduce into evidence pursuant to Federal Rules of Evidence, Rules 701, 703 and 705, and disclose and provide copies of all supporting data relied upon by any such potential witness expert. Fed. R. Crim. P. 16(a)(1)(G); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989).

11. Disclose and provide any copies of all reports pertaining to fingerprint evidence in this case and/or describing any attempts to obtain fingerprints from any property or item pertaining to this case. Fed. R. Crim. P. 16(a)(1)(F) and (a)(1)(G).

12. Disclose whether any photograph or drawing relating to the criminal action or proceeding has been made or completed by a public servant engaged in a law enforcement activity. If such items exist, provide counsel with copies of, or allow for inspection of, such photographs or drawings. If none are in existence at this time, but come into being at any time prior to or during trial, notify counsel of their existence immediately.

13. Allow for the inspection and copying of all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof which (1) are in the possession, custody, or control of the government, or (2) which are material to the preparation of the defense or (3) are intended for use by the government as evidence in

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 4

chief at the trial or (4) were obtained from or (5) which belonged to Mr. Ortega. Fed. R. Crim. P. 16(a)(1)(E).

14. Provide a copy of Mr. Ortega prior criminal record. Fed. R. Crim. P. 16(a)(1)(D); *United States v. Audelo-Sanchez*, 923 F.2d 129 (9th Cir. 1991).

15. Provide copies of any reports or memoranda relating to the investigation of Mr. Ortega. This request contemplates any reports or memoranda presently within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. *Carringer v. Stewart*, 132 F.3d 463, 479-480 (9th Cir. 1997) (en banc).

16. Provide disclosure of original handwritten notes or memoranda (inclusive of tape recordings) of any agents of the government, whether or not the original handwritten notes or memoranda have subsequently been included in another written report. *United States v. Riley*, 189 F.3d 802, 806-807 (9th Cir. 1999); *United States v. Well*, 572 F.2d 1383, 1384 (9th Cir. 1978); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983).

17. Provide disclosure of the original handwritten notes or memoranda of any agent of the government, including notes made by prosecuting attorneys, regarding any of the statements made by prospective witnesses, whether or not the original notes have subsequently been included in other written reports. *United States v. Ogbuetti*, 18 F.3d 807, 810 (9th Cir. 1994).

18. Provide the minutes and transcripts of the testimony before grand juries that heard evidence about the case. Disclose and provide copies of all notes or other writings or documents used by a prospective witness when testifying before the grand jury. *United*

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 5

*States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

19. Disclose and provide copies of any and all evidence which would be favorable to Mr. Ortega, exculpatory, or material to the defense, including but not limited to:

a. The results of tests, experiments, examinations, searches or seizures, which produced evidence favorable to Mr. Ortega or failed to produce evidence tending to incriminate Mr. Ortega;

b. The name(s) of any other person considered a possible suspect in this case, and/or any evidence (including, but not limited to, statements of persons interviewed by investigative agents in connection with this case which include the names of other persons connected with the commission of the offenses with which Mr. <<<>>> is charged) which in any way indicates that other persons may have committed, or aided in the commission of, these crimes;

c. A statement identifying any evidence in this case that the government has intentionally or inadvertently destroyed, or for whatever cause, no longer has within its possession, *Brady v. Maryland*, 373 U.S. 83 (1963);

d. Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness on any occasion has given false, misleading, or contradictory information regarding the charges at issue or any other matter to any persons, including those involved with law enforcement and their agents or informers;

e. Any evidence, information, testimony, transcripts, or statements indicating that opinion, reputation, or specific acts show that the complaining witness is not a truthful person or is a threatening, aggressive, or assaultive person;

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 6

    f.   Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness has given a statement which contradicts that of another potential prosecution witness;

    g.   Any evidence, information, testimony, transcripts, or statements indicating that any witness is biased or prejudiced regarding Mr. Ortega or the case in any way. *United States v. Bagley*, 473 U.S. 667 (1985).

20. Disclose all evidence of prior or subsequent bad acts by Mr. Ortega that the government intends to introduce at trial. FRE 404(b) ("reasonable notice" required); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc); *United States v. Foskey*, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980).

21. Provide access to the personnel files of each law enforcement agent who will testify in the case. The government is requested to examine such files for any evidence that any officer has ever made a false statement or has had a reputation for dishonesty. *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

22. Disclose the names and addresses of all percipient witnesses interviewed by the government whom the government does *not* intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

23. Disclose and provide copies of the arrest and conviction record of each prospective government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988). To satisfy this request, the government must search both national and local records. *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991).

24. Disclose any and all evidence that a criminal case has recently been dismissed against

any prospective government witness. *United States v. Anderson*, 881 F.2d 1128, 1138-1139 (D.C. Cir. 1989).

25. Disclose any and all evidence that any prospective government witness has any criminal charge pending against them. *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973); *United States v. Fried*, 486 F.2d 201 (2d Cir. 1973).

26. Disclose any and all evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

27. Disclose any and all evidence of an express or implicit understanding, deal, offer of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or their agent. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Schaffer*, 789 F.2d 682, 689 (9th Cir. 1986); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978).

28. Disclose any and all evidence that any prospective witness has applied for or requested from the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Jones v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1986).

29. Disclose any and all evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Haber v. Wainwright*, 756 F.2d 1520, 1523-1524 (11th Cir. 1985); *Dubose v. Lefevre*, 619 F.2d 973, 978-979 (2d Cir. 1980); *Campbell v. Reid*, 594 F.2d 4, 7 (4th Cir. 1979).

30. Disclose details concerning the full scope of any witness's past cooperation with the

government including but not limited to all moneys, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *Schaffer*, 789 F.2d at 688-689 & n. 7; *Eduardo-Franco*, 885 F.2d at 1010.

31. Disclose and provide copies of all prior statements of any prospective witness relevant to their testimony or relevant to impeachment or bias of the witness. *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992).

32. Disclose any and all evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to their proposed testimony. *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992).

33. Disclose any and all evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972); *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992).

34. Disclose any and all evidence that a witness has engaged in crimes though they have not been convicted of those crimes. *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991); *Powell v. Wiman*, 287 F.2d 275, 279-280 (5th Cir. 1961).

35. Disclose any and all evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *Brumel-Alvarez*, 991 F.2d 1452; *United States v. Bernal-Obeso*, 989 F.2d 331, 337 (9th Cir. 1993); *Strifler*, 851 F.2d at 1202.

36. Disclose any and all evidence that any witness has a tendency to lie or exaggerate their testimony. *Strifler*, 851 F.2d at 1202.

37. Disclose any and all evidence that any prospective witness consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to their testimony. *United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use can impair memory, judgment, and credibility); *see United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993).

38. Disclose and provide copies of any and all medical, psychological, or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired. *United States v. Lindstrom*, 698 F.2d 1154, 1163-1168 (11th Cir. 1983); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. McFarland*, 371 F.2d 701, 705 (2d Cir. 1966).

39. Disclose any and all evidence that a prospective government witness is biased or prejudiced against Mr. Ortega or has a motive to falsify or distort their testimony. *Strifler*, 851 F.2d 1202.

40. Disclose any and all evidence that a prospective government witness has taken a polygraph examination and the result thereof. *United States v. Lynn*, 856 F.2d 430, 432-433 (1st Cir. 1988); *Carter v. Rafferty*, 826 F.2d 1299, 1305 (3d Cir. 1987).

41. Disclose any and all evidence that someone other than Mr. Ortega committed, or was ever suspected of committing, the crime charged. *Brady*, 373 U.S. 83.

42. Disclose the name, address, and telephone number(s) of any person, whether or not he/she will be a witness, who could not identify Mr. Ortega or was unsure of Mr. Ortega's identity or Mr. Ortega's participation in the crime charged, and the content of any such statement. *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *United States v. Wilkins*, 326 F.2d 135 (2d Cir.

1964).

43. Provide access to physical evidence tending to exculpate Mr. Ortega in whole or in part or tending to mitigate punishment. *Miller v. Pate*, 386 U.S. 1 (1967); *Jones v. Borg*, 951 F.2d 1011 (9th Cir. 1991); *Hillard v. Spaulding*, 719 F.2d 1443 (9th Cir. 1983).

44. Disclose any and all evidence mitigating the punishment of Mr. Ortega. *Brady*, 373 U.S. 83.

45. Disclose the commencement and termination date of the grand jury that indicted Mr. Ortega. *In re Special Grand Jury* (for Alaska), 674 F.2d 778 (9th Cir. 1982) (defendant and public may have access to ministerial records of the grand jury).

46. Disclose the number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. *United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645, 649 (9th Cir. 1980); *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973).

47. Identify by name every prospective government witness to be called at trial. *Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *United States v. Armstrong*, 621 F.2d 951, 954-955 (9th Cir. 1980); *see United States v. Tucker*, 76 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial.

48. Disclose and provide copies of any and all presentence and/or probation reports prepared with respect to the individual(s) identified in response to question 47, above. *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988).

As to each aspect of this request, the government is requested to seek the above information from each federal and state agency involved with this case. *Carringer*, 132 F.3d at 479-480; *United States v. Bryan*, 868 F.2d 1032, 1036-1037 (9th Cir. 1989).

RESPECTFULLY SUBMITTED December 19, 2025.

_[s] Michael P. Bertholf_____
Michael P. Bertholf, OSB #044642
Attorney for Defendant Mr. Ortega

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(4)(b) NOTICE, AND SUMMARY OF EXPERT TESTIMONY – Page 12