**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**JUDITH R. HARPER**
Assistant U.S. Attorney
Judi.Harper@usdoj.gov
(541) 776-3564
*Reply to Medford Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 23, 2026

Larry Roloff
Attorney at Law
123 E. Broadway, Suite 233
Eugene, OR 97401

> Re:    *United States v. Samuel Rodrigo Melo Santos*, Case No. 1:26-cr-00003-MC-1
>        Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the indictment, Alien in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8) and Count 2 of the indictment, Making False Statements in the Acquisition of a Firearm in violation of Title 18, United States Code, Section 924(a)(1)(A).

3.    **Penalties**:  The maximum sentence on Count 1 is 15 years' imprisonment, a fine of $250,000, up to 3 years supervised release, and a $100 fee assessment.  The maximum sentence on Count 2 is 5 years' imprisonment, a fine of $250,000, up to 3 years supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.

Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future.  Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.  Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 2

4.    **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on the date alleged in the indictment, the defendant, knowing possessed the firearm as charged;

Second, at the time he possessed the firearm, the defendant was an alien illegally and unlawfully in the United States;

Third, the defendant knew he was an alien, illegally in the United States; and

Fourth, the firearm was shipped in interstate commerce person.

In order for defendant to be found guilty of Count 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on the date alleged in the indictment, the defendant, knowingly made a false statement or representation;

Second, the defendant made the statement or representation to a licensed dealer, importer, manufacturer or collector of firearms, within the meaning of Chapter 44, Title 18, United States Code; and

Third, the statement pertained to information that the law requires the licensed dealer to keep.

Defendant admits the elements of the offenses alleged in Counts 1 and 2 of the Indictment.

In July 2025, ATF began investigating a Federal Firearms Licensee (FFL), IV Guns and Ammo in Cave Junction, Oregon. Agents observed repeated sales of the same make and model of firearm (an indicator of firearms trafficking) being purchased by a group of individuals that shared the same addresses in O'Brien, Oregon and Medford, Oregon. These firearms included Beretta pistols and Smith & Wesson M&P 22 rifles. The individuals purchasing these guns were identified as Samuel Rodrigo Melo Santos, Samuel Amador Ortega, Oscar Amador Ortega, and Aldo Melo Amador.

Agents reviewed paperwork required to be maintained by the FFL. One of the required parts of an inspection is to review ATF Forms 4473, Firearms Transaction Record, which must be completed by the person who is purchasing a firearm and kept by the FFL. The ATF Form 4473 is used by FFLs to determine if they may lawfully sell or deliver a firearm to the person identified on the form. In reviewing IV Guns and Ammo records, the inspector observed that on

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 3

the ATF form to purchase the firearm, the suspects listed "Mexico" as place of birth and for country of citizenship, checked the box next to United States.

Agents verified that on July 19, 2025, when Melo Santos purchased a Ruger 10/22 rifle, a Century Arms AK rifle and three Anderson AM-15 rifles, he filled out the ATF form 4473 and claimed to be a U.S. Citizen and the actual buyer of the firearms. Agents determined that Melo-Santos was an alien unlawfully residing in the United States so he was untruthful in filling out the forms. They also determined that these five firearms had been shipped or transported in interstate commerce.

ATF agents verified that all of these purchases were made with the ATF Form 4473 and the suspects indicated that they were from Mexico but were U.S. Citizens.

On December 16, 2025, ATF served a search warrant at 2823 Table Rock Rd, Medford, Oregon, the residence where the co-defendants resided. During the execution of the search warrant, Samuel Rodrigo Melo Santos was discovered in a back bedroom and taken into custody.

The following items were seized during the execution of the search warrant: approximately $11,000 dollars in cash, IV Guns and Ammo purchase receipts, U-Haul receipts, Blackbird (FFL) purchase receipt, an empty Ruger rifle case, three handwritten ledgers, two money transfer receipts, three rounds of ammunition, fraudulent ID cards, a digital scale, suspected marijuana, and approximately 468 grams of suspected methamphetamine. The methamphetamine was found in Samuel Amador Ortega's room.

When interviewed through a Spanish speaking interpreter, Melo Santos said he purchased all the firearms and sold them after purchase in "the streets" to anyone. He said he'd sell them through word of mouth or with an app on his phone. He said he would sell them to others who couldn't legally buy them. He admitted he was unsure how many guns he purchased. He said he purchased the firearms from an FFL in Cave Junction because he overheard that the store would sell to those illegally in the United States and the FFL did not ask about immigration status. He said the FFL would fill out the part of the form indicating he was a U.S. Citizen.

Melo Santos said he bought the firearms with the purpose of selling them. He said he would make $100-$150 per gun. Melo Santos admitted that at some point he was denied when he attempted to purchase firearms. He also said he stopped buying firearms because it was not very good money, and someone told him to stop. He said he would buy ammunition because he had friends with firearms who wanted ammunition. He said he stopped buying ammunition because someone at work told him to stop.

Melo Santos said he was the first of the co-defendants to buy and sell firearms and they were sold to people who were unable to purchase firearms themselves. He said he would call a contact, and they would send someone with a mask on to meet him. He claimed he did not know who was purchasing the firearms or where they went after purchase. He said he knew the

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 4

contact since he worked with him at a marijuana grow. He said he had a friend there who was a drug addict that knew someone who bought them.

In total, the co-defendants purchased 164 firearms at a cost of $109,124.

Samuel Melo Santos purchased 91 firearms for $56, 448 (between May 2024 and July 2025), and 40,000 rounds of ammunition. Last month, one of these firearms was found in Mexico.

Samuel Amador Ortega purchased 12 firearms for $12, 258 (between April 2025 and July 2025). Samuel Amador Ortega also attempted to buy 4 more firearms but was denied.

Oscar Amador Ortega purchased 25 firearms for $15,070 (between March 2024 and July 2025).

Aldo Melo Amador purchased 36 firearms for $25,348 (between March 2024 and June 2025).

In further investigation, ATF agents determined that one of the firearms Melo Santos purchased was recovered in Mexico.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The government will recommend the following sentencing guideline analysis. Defendant is free to argue:

| | |
|---|---|
| USSG 2K2.1 Base Offense Level | 20 |
| USSG 2K2.1(b)(1) number of guns | +8 |
| USSG 2K2.1(b)(6)(C) trafficking | +5 |
| USSG 3E1.1(a) Acceptance | -3 |
| | 30 |

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 5

9.      **Sentencing Recommendation**: The USAO will recommend a sentence in the middle of the applicable guideline range, as long as defendant demonstrates an acceptance of responsibility as explained above.

10.     **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. ~~Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.~~

*[handwritten: JH  SRMS  LR]*

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 6

13.    **Full Disclosure/Reservation of Rights:**  The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement:**  If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

   If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Forfeiture Terms:**

   A.    **Assets and Authority:**  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including:

   (1)    $15,229 USC; and
   (2)    Three (3) rounds of .45 caliber ammunition,

which defendant admits were used to facilitate defendant's criminal activity in violations of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8) as set forth in Count 1 of the Indictment, and Title 18, United States Code, Section 924(a)(1)(A) as set forth in Count 2 of the Indictment.

   B.    **Agreement to Civil Forfeiture:**  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which [has been or may be] initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C.    **No Alteration or Satisfaction:**  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 7

D.    **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

16.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*s/ Judith R. Harper*
JUDITH R. HARPER
Assistant United States Attorney

Larry Roloff
Re: Melo Santos Plea Agreement Letter
Page 8

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_8 3-26_
Date

_____
Samuel Melo Santos (Defendant)

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_8-3-26_
Date

_____
Larry Roloff (Attorney for Defendant)

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter (if necessary)